

# NUMBER 13-11-00706-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE THE CITY OF CORPUS CHRISTI, TEXAS

On appeal from the 94th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

The City of Corpus Christi ("the City") files this interlocutory appeal challenging the trial court's order regarding the security bond amount ordered to be paid by Mike Hummell and David Barabino.[1]   *See* TEX. GOV'T CODE ANN. §§ 1205.101–.105. (West 2000).   On appeal, the City argues the trial court abused its discretion in setting the security bond

---

[1] Section 1205.068 provides for the accelerated appeal of orders entered under section 1205.103 or 1205.104 of the Texas Government Code.   *See* TEX. GOV'T CODE ANN. § 1205.068 (West 2000).

amount because (1) improper standards were used to set the bond amount; and (2) the bond amount is insufficient and contrary to the evidence. We affirm.

## I. BACKGROUND

In 2008, the City's voters approved the issuance of various bonds, including bond funds to extend Aquarius Street from Dasmarinas to Commodores Street on North Padre Island. Hummell and Barabino filed suit, seeking injunctive relief regarding actions and expenditures of 2008 bond election monies which were to be used for the proposed alteration of the Aquarius Street project approved by the voters.[2] The City subsequently filed suit seeking an expedited declaratory judgment pursuant to Chapter 1205 of the Texas Government Code, also known as the Expedited Declaratory Judgment Act ("EDJA"). *See* TEX. GOV'T CODE ANN. § 1205.021 (West 2000). By this lawsuit, the City sought to validate the use of bond funds for all of the 2008 bond issue projects, including the street project at issue in the Hummell-Barabino lawsuit.

The trial court entered an order consolidating the Hummell-Barabino lawsuit into the City's EDJA action. After a hearing on the City's motion to set security bond, the trial court set the bond at $500.00, allocating $250.00 each to Hummel and Barabino. *See* TEX. GOV'T CODE ANN. §§ 1205.101–.104. (West 2000). The trial court denied the City's motion to reconsider the bond amount. This appeal ensued.

---

[2] At the time of the bond election, a dedicated road was already platted to connect Aquarius Street directly from its termini with Dasmarinas and Commodores. After the re-design, the street project no longer extended the street as platted, but rather moved the connection through a platted residential subdivision.

2

## II. Standard of Review and Applicable Law

We review a district court's decision on the amount of a security bond for an abuse of discretion. *Hotze v. City of Houston*, 339 S.W.3d 809, 819 (Tex. App.—Austin 2011, no pet.). The statute setting forth the bond requirements provides:

> The bond must be in an amount determined by the court to be sufficient to cover any damage or cost, including an anticipated increase in interest rates or in a construction or financing cost, that may occur because of the delay caused by the continued participation of the opposing party or intervenor in the acts if the issuer finally prevails and obtains substantially the judgment requested in its petition.

Tex. Gov't Code Ann. § 1205.103(b) (West 2000).

## III. Analysis

The City argues that the proper standard for setting the amount of bond is the anticipated cost of any delay that the Hummell-Barabino lawsuit may cause. The City claims the trial court applied a higher burden, requiring the City to prove actual delay and that damages will occur because of continued participation by Hummell. The City concludes that the trial court abused its discretion in setting the security bond amount because (1) improper standards were used to set the bond amount; and (2) the bond amount is insufficient and contrary to the evidence

At the hearing, the City introduced the testimony of Pete Anaya, the City's director of engineering services. He testified that the Aquarius project was about a $1.3 million project. According to Anaya, if the project were to be delayed six months, it would cost "somewhere in the $200,000 range for extra costs." He said that amount would double if the project was delayed twelve months. On cross-examination, Anaya conceded that he did not have documents supporting his figures. Later, when he returned to the witness

3

stand with his calculations, he assumed an annual cost increase of thirty percent. He testified, however, that one 2008 bond election project saw an increase in costs, whereas another had decreased. Anaya conceded that he did not know whether prices were going to rise or fall.

Constante Sanchez, the City's interim director of financial services, testified that the third traunch of the 2008 bond projects was delayed because of this litigation. On cross-examination, however, she conceded that she did not have the experience that would enable her to testify about construction costs or cost increases.

Mark Seal, the City's senior vice-president in charge of public finance, testified that the delay in the issuance of bonds under the third traunch "very well could" cost the City money. He noted that a three-month delay of the issuance of the third traunch could result in an increased "interest" cost to the City of approximately $ 5.7 million. On cross-examination, however, he admitted that there is no way to know if the investment would go up or down. He further admitted that previous delays in selling bonds for the project had not caused harm, and that rates could go down as well as up.

The trial court acted as the fact finder. It is within the trial court's province to judge the credibility of witnesses, even expert witnesses. *Tex. Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 535 (Tex. 1995). In our review of an expert's opinion with respect to damages, we may consider the admission on cross-examination that the assumptions on direct examination cannot be verified. *See Kerr-McGee Corp. v. Helton*, 133 S.W.3d 245, 255–58 (Tex. 2004) (*abrogated on other grounds by Oil & Gas*

4

*Corp. v. Garza Energy Trust*, 268 S.W.3d 1 (Tex. 2008)).   We conclude the trial court did not abuse its discretion in setting the security bond.

## IV. CONCLUSION

We affirm the trial court's order setting security bond.

GREGORY T. PERKES
Justice

Delivered and filed the
9th day of May, 2013.